# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTIN
    JUDGE

## LETTER OPINION

December 4, 2009

David Grossman
Cohen, Leder, Montalbano & Grossman, LLC
1700 Galloping Hill Road
Kenilworth, New Jersey 07033
    (*Attorney for Plaintiff*)

    **RE:    Teamsters Local No. 945 Pension Fund v. Garden State Hauling, LLC
           Civ. No. 09-2938 (WJM)**

Dear Counsel:

    This matter comes before the Court on plaintiff's motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. There was no oral argument. Fed. R. Civ. P. 78. For the reasons that follow, plaintiff's motion is **GRANTED**.

I.    BACKGROUND

    The following facts are established by the complaint, the motion for default judgment, and the exhibits attached thereto. Plaintiff in this action is the Teamsters Local No. 945 Pension Fund ("Pension Fund"), a multi-employer pension plan, as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(2). Defendant Garden State Hauling ("Garden State"), based in Passaic, New Jersey, is a party to several collective bargaining agreements with the Teamsters Local No. 945 ("Local 945"). (Compl. ¶5; Affidavit of Catherine Oakes ¶ 4.) These collective

bargaining agreements require defendant Garden State to remit, on a monthly basis, pension contributions to the Pension Fund.  (Compl. ¶ 6.)

On or about May 7, 2008, Garden State completely withdrew from the Pension Fund, as a result of its permanent cessation of "all covered operations under the plan." (*Id.* ¶¶ 7, 8.)  The Pension Fund then calculated Garden State's withdrawal liability to be $126,014.00, pursuant to 29 U.S.C. §§ 1382, 1391, and sent a letter to Garden State's President notifying him of the withdrawal liability amount. (*Id.* ¶ 10.) Further, this letter set forth a payment schedule of $11,791.25 per quarter for eleven quarters with a final payment of $6,206.25. (*Id.*)

In addition, the Pension Fund's letter informed Garden State of its right to request a review or appeal of the withdrawal liability assessment, pursuant to 29 U.S.C. § 1399. To this date, Garden State has failed to submit the withdrawal liability payments.  (*Id.* ¶ 11.)  Garden State also has not appealed the assessment. (*Id.* ¶ 12.)

On June 17, 2009, the Pension Fund filed a complaint in this court, seeking to recover the withdrawal liability assessment, accrued interest on delinquent withdrawal liability payments, liquidated damages, attorney's fees and costs.  This complaint was personally served on Richard Jon Conant, identified as the Registered Agent of Garden State Hauling.  (Docket No. 3). To date, Garden State has failed to answer or otherwise respond to the Pension Fund's complaint.

On August 12, 2009, the Pension Fund filed its request for an entry of default, pursuant to Federal Rule of Civil Procedure 55(a).  After the Clerk's entry of default, the Pension filed the instant motion for default judgment on September 14, 2009.  This motion again was served on Richard Jon Contant, as Registered Agent of Garden State Hauling.  (Affidavit of Ileana Gomez ¶ 2.)  As of today, no opposition has been filed.

## II.   DISCUSSION

### A.   Standard of Review

Federal Rule of Civil Procedure 55 governs default.  After the Clerk's entry of default pursuant to Rule 55(a), a plaintiff may then seek the Court's entry of default pursuant to Rule 55(b)(2).  *See Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).  "Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Id.* (quoting *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir.1987)) ("[W]e have further required the district court

to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment"). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." *Doug Brady*, 250 F.R.D. at 177.

To make these determinations, the Court should accept as true the well-pleaded factual allegations of the complaint, although the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir.1990); *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008). Consequently, before granting a default judgment, the Court must first ascertain whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Chanel*, 558 F. Supp. 2d at 536.

B.   Default Judgment is Appropriate

After review of the record in this matter, this Court determines that plaintiff has satisfied the requirements for default judgment. The record shows that while Garden State has been served, *see* Affidavit of Ileana Gomez ¶ 2, it has failed to respond to plaintiff's complaint and the deadline for answering the complaint or filing a responsive motion has passed. *See* Clerk's Entry of Default, (Doc No. 4). When a defendant has "failed to answer, move, or otherwise respond to the complaint, the entry of a default judgment against him is appropriate." *Palmer v. Slaughter*, Civil Action No. 99-899, 2000 WL 1010261, at *2 (D.Del. July 13, 2000).

Turning now to the *Doug Brady* factors, review of the record reveals there to be no basis for Defendants to claim a meritorious defense. In the instant matter, the Pension Fund moves for default, arguing that Garden State failed to remit the withdrawal liability[1] payments mandated by the Multi-Employer Pension Plan Amendment Act ("MPPAA") following its complete withdrawal from the plan. Under the MPPAA, once an employer withdraws from a pension plan, the plan's trustees determine the amount of withdrawal liability. 29 U.S.C. § 1381. The trustees are then required to notify the employer of the liability, provide a schedule for payments and otherwise formally demand payment. 29 U.S.C. § 1399(b)(1). Within ninety days after receiving notice, the employer has the option of requesting review of the liability by the plan's trustees. 29 U.S.C. § 1399(b)(2)(A). Either party may initiate arbitration proceedings if the dispute over the existence or amount of liability persists after review. 29 U.S.C. § 1401(a)(1). If the

---

[1] Withdrawal liability is defined as the employer's adjusted "allocable amount of unfunded vested benefits." 29 U.S.C. § 1381(b)(1).

employer fails to initiate arbitration proceedings, the withdrawal liability assessment becomes due and owing and the trustees may commence an action to collect the unpaid withdrawal liability from the employer. 29 U.S.C. §§ 1401(b)(1), 1451(b).

As set forth in the complaint, Garden State completely withdrew from the plan, was notified by the Pension Fund of its withdrawal liability, and failed to contest that withdrawal liability assessment within the requisite ninety-day window. Accordingly, the withdrawal liability assessed by the Pension Fund became due and owing. The action to recover this amount was brought properly before this Court, which has jurisdiction over civil actions to recover delinquent withdrawal liability payments pursuant to 29 U.S.C. § 1451. Garden State then was served with a copy of this action. *See* Docket No. 3. After review of the complaint and the procedural history of this matter, there appears to be no basis upon which it could assert a meritorious defense.

Further, it is clear that the Pension Fund has been prejudiced by defendant's failure to respond to the Complaint. The prejudice suffered by plaintiff involves: (1) plaintiff's inability to otherwise move forward in the litigation; (2) the incurrence of additional costs, including the costs of filing and briefing this motion; and (3) delay in regard to receiving relief in the form of the delinquent pension plan payments. Finally, there is a presumption of culpability where defendants have failed to respond. *See Exxonmobil Oil Corp. v. Wakile & Sons, Inc.*, Civ. No. 09-1265, 2009 WL 3818151, at *3 (D.N.J. Nov. 13, 2009). Accordingly, plaintiff's are entitled to default judgment and their motion is granted.

### C.  Damages

As set forth in 29 U.S.C. § 1451, the failure of an employer to make a withdrawal liability payment is to be treated in the same manner as a delinquent contribution under 29 U.S.C. § 1145. Specifically, 29 U.S.C. § 1132(g)(2) provides that in any action brought to enforce the payment of delinquent contributions in which a judgment is awarded in favor of the plan, the court shall grant damages in the form of:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of-
> > (i) interest on the unpaid contributions, or
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

4

29 U.S.C. § 1132(g)(2).

In support of its claim for damages, the Pension Fund submitted an affidavit from Catherine Oakes, Fund Manager at the Local 945, as well as an affidavit from David Grossman, plaintiff's attorney. The information contained in Ms. Oakes's affidavit establishes that Garden State incurred withdrawal liability in the amount of $126,014.10. *See* Oakes Aff. ¶ 10. Further, Ms. Oakes states that the Fund is owed liquidated damages in the amount of $25,202.80 and interest totaling $22,832.70. *See* Oakes Aff. ¶¶ 16, 17. In addition, Mr. Grossman states in his affidavit that his fees total $4,575.00,[2] while costs equal $409.95. *See* Grossman Aff. ¶ 2. After review of Mr. Grossman's affidavit, the Court finds the requests for fees and costs to be reasonable. Based on these figures, it appears that the total amount owed by Garden State equals $179,034.45.

## III.   CONCLUSION

For the foregoing reasons, plaintiff's motion for default judgment against defendant Garden State is granted and judgment shall be entered against Garden State in the amount of $179,034.45.

    /s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**

---

[2] Plaintiff's request for attorney's fees was submitted in accordance with Local Civ. R. 54.2.